47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Weldon D. SMITH, d/b/a 41 Lumber Supply, Defendant-Appellant.
 No. 93-5921.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1994.
Decided Feb. 14, 1995.
 
 J. Edward Bell, III, Robert G. McCulloch, Jr., BELL, BAGLEY & DAVIS, Sumter, SC, for Appellant. J. Preston Strom, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, SC, for Appellee.
 Before HALL and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Weldon Smith appeals his jury conviction of mail fraud. 18 U.S.C.A. Sec. 1341 (West Supp.1994). Because we find the evidence sufficient to support his conviction and that Smith had access to all requested documents, we affirm.
 
 
 2
 Smith first alleges that the mailing involved in his fraud scheme was merely incidental to the offense and insufficient to establish guilt with regard to the element that the mailing further a fraud scheme. His claim is without merit. Smith's fraud was accomplished in the most part by face-to-face transactions, wherein he sold non-delivered wooden pallets to the manufacturing company for which he worked from a lumber plant that he owned. However, to cover up his wrongs and allow continuance of the scheme, Smith caused fraudulent reports to be sent through the mail to corporate headquarters by the plant accountant. The net effect of these reports was to transfer the cost of the undelivered pallets from the manufacturing plant's books, where they would have been easily discovered, to the company's corporate account. Thus, it was integral to his scheme that the mailings occurred, and, while the plant accountant actually mailed the records, it was Smith who "caused" the mailings of fraudulent reports. The evidence was sufficient for a jury to find Smith caused fraudulent mailings in furtherance of his criminal scheme. Pereira v. United States, 347 U.S. 1, 8-9 (1954); United States v. United States Medical & Surgical Supply Corp., 989 F.2d 1390, 1404 (4th Cir.1993).
 
 
 3
 Smith next contends that the Government failed to disclose exculpatory evidence. First, the Government produced all the evidence it had, which included two of the three types of evidence about which Smith complains. Second, the evidence of which Smith complains, reports of order logs and production cards (which includes the third type of evidence), was irrelevant because it would not have shown the total plant consumption of pallets; therefore, it would not have probably caused a different outcome at trial. This failure of materiality defeats Smith's claim. United States v. Bagley, 473 U.S. 667, 677-78 (1985).
 
 
 4
 Therefore, we affirm Smith's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED